IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**STACIE FOLIN**,

      Plaintiff,

v.

**ASANTE ROGUE REGIONAL MEDICAL CENTER, LLC, et al,**

      Defendants.

No. 1:23-cv-01389-AA

**OPINION AND ORDER**

**AIKEN, District Judge:**

    Plaintiff brings religious discrimination claims under Title VII of the Civil Rights Act and Oregon law against her former employer, Defendant Asante Rogue Regional Medical Center, LLC, ("Asante"). She alleges that Asante unlawfully terminated her employment when Plaintiff declined, based on religious belief, to be vaccinated against the COVID-19 virus. Defendant Asante moves to dismiss the case for failing to state a claim for relief under Rule 12(b)(6). For the reasons below, Defendants' Motion to Dismiss, ECF No. 5, is DENIED.

**BACKGROUND**

1 – OPINION AND ORDER

In August 2021, the Oregon Health Authority ("OHA") enacted an administrative rule ("the Mandate") requiring healthcare workers in Oregon to be vaccinated against COVID-19 by a deadline of October 18, 2021. The Mandate permitted healthcare employers to grant religious exceptions to employees upon request. Defendant Asante required employees to be vaccinated against COVID-19 by September 30, 2021, except employees with approved religious exception requests.

Plaintiff joined Asante in 2015 after she graduated from nursing school and worked without incident for approximately seven years as a Registered Nurse at Defendant's facility, including in the float pool and the Short Stay Unit. Complaint ("Compl.") ¶ 5, ECF No. 1. Throughout her employment, Plaintiff received consistently good feedback from her supervisor, co-workers, and patients. *Id*. She alleges the following facts to support her claims:

> Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of her faith to the best of her ability.
> …
>
> For eighteen months, Plaintiff scrupulously followed hospital rules and regulations to protect against [COVID-19] infection, which included the wearing of personal protective equipment (herein, "PPE"), hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.
>
> In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for religious exceptions. As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body per her interpretation of her faith in God and the Bible. On or about October 11, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted.

2 – OPINION AND ORDER

> Although Plaintiff's requested religious exemption was accepted, she was placed on unpaid leave on October 19, 2021, and she was terminated on April 30, 2022. The Defendant made no effort to attempt to accommodate Plaintiff's religious exception.

Compl. ¶¶ 6, 11, 12, 13.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Defendant Asante moves to dismiss Plaintiff's claims because her allegations are conclusory, and she has not plausibly alleged any facts that would establish that her anti-vaccination beliefs are religious in nature or constitute a religious conflict to be protected under Title VII or ORS 659A.030.

3 – OPINION AND ORDER

Plaintiff alleges employment discrimination under Title VII, 42 U.S.C. § 2000e, and ORS 659A.030(1)(a).[1] Title VII makes it is unlawful for an employer to discharge an employee because of their religion. 42 U.S.C. § 2000e-2(a)(1); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1437 (9th Cir. 1993). The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004). Title VII failure-to-accommodate claims are analyzed under a two-part, burden-shifting framework. *Tiano v Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). A plaintiff must first plead a prima facie case of religious discrimination. *Id*. If an employee articulates a prima facie case, the burden shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id*.

To assert a prima facie failure-to-accommodate claim under Title VII, plaintiffs must allege that (1) they "had a bona fide religious belief, the practice of which conflicted with an employment duty;" (2) they "informed [their] employer of the belief and conflict;" and (3) "the employer discharged, threatened, or otherwise subjected [them] to an adverse employment action because of [their] inability to fulfill the job requirement." *Peterson*, 358 F.3d at 606. "A bona fide religious belief is one that is 'sincerely held.'" *Keene v. City and Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *1 (9th Cir. May 15, 2023). A court should generally accept the assertion of a sincerely held religious belief. *Id*. at *2; *Beuca v. Wash. State Univ.*, No. 23-CV-0069, 2023 WL 3575503, slip op. at *2 (E.D. Wash. May 19, 2023) (declining to "second-guess" or "scrutinize" the plaintiff's claim that merely stated he had a religious objection to the COVID-19 vaccine). And the burden to allege a religious conflict with an employment duty is minimal.

---

[1] Claims brought under ORS 659A.030(1)(a) are analyzed under the same framework as claims brought under Title VII. *Detwiler v. Mid-Columbia Med. Ctr.*, No. 22-cv-01306, 2022 WL 19977290, slip op. at *3 (D. Or. Dec. 20, 2022).

4 – OPINION AND ORDER

*Bolden-Hardge v. Office of the Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023); *Collins v. Tyson Foods, Inc.*, No. 22-CV-00076, 2023 WL 2731047, at *7 (W.D. Ky. Mar. 30, 2023) (ruling that a plaintiff established a prima facie case by simply identifying as a Christian who opposed the COVID-19 vaccine due to the use of fetal cell tissue).

However, a court need not take "conclusory assertions of violations of religious beliefs at face value." *Bolden-Hardge*, 63 F.4th at 1223. A "threadbare reference" to the plaintiff's religious beliefs is insufficient to satisfy the first element of a prima facie case. *Gage v. Mayo Clinic*, No. CV-22-02091, 2023 WL 3230986, slip op. at *3 (D. Ariz. May 3, 2023). Title VII does not protect medical, economic, political, or social preferences. *See Tiano*, 139 F.3d at 682; *Detwiler*, 2022 WL 19977290, at *4 (finding plaintiff's objection to regular COVID-19 antigen testing to be secular because she believed tests were carcinogenic and would cause more harm than good); *Brox v. Hole*, 590 F. Supp. 3d 363, 366 (D. Mass. 2022).

The U.S. Equal Employment Opportunity Commission ("EEOC") provided Title VII guidance on religious accommodations to COVID-19 vaccine mandates. The EEOC explained that "an employee's request for an exemption from a COVID-19 vaccination mandate can be denied on the grounds that the employee's belief is not truly religious in nature." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1180 (9th Cir. 2021). The guidance underscores that objections to COVID-19 vaccines "purely based on social, political, or economic views or personal preferences . . . (including about the possible effects of the vaccine)" are not religious beliefs under Title VII. *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* at L.2, EEOC, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws (Oct. 25, 2021) (last visited July 24, 2023). However,

overlapping secular and religious objections do not place a requested accommodation outside the scope of Title VII. *Id*.

In *Rolovich v. Washington State University*, the plaintiff's complaint stated he was a "practicing Catholic" and his "study of the Bible, personal prayer, . . . advice from a Catholic priest, and the teachings of the Church . . . precluded him from receiving any available COVID-19 vaccine." No. 22-CV-0319, 2023 WL 3733894, slip op. at *3 (E.D. Wash. May 30, 2023). The defendant moved to dismiss based on the plaintiff's alleged failure to plead how his sincerely held religious belief specifically conflicted with the COVID-19 vaccine mandate. *Id*. The district court found the plaintiff's general assertion that his Catholic faith motivated his objection to the vaccine was satisfactory at the pleading stage to allege a religious conflict with an employment duty. *Id*. The plaintiff did not need to explain in detail how the vaccine conflicted with his Catholic faith.

Here, Plaintiff Folin has alleged that her faith motivated her to object to the Covid-19 vaccine: "As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body per her interpretation of her faith in God and the Bible." Compl. ¶ 12. On or about October 11, 2021, Plaintiff filed the formal paperwork for a religious exception. *Id*.

The Court agrees with Asante that these factual allegations are extremely sparse, and somewhat conclusory. However, at this stage, the burden to allege a prima facie case is minimal. Plaintiff has pled that she expressed a religious conflict with receiving the COVID-19 vaccine, and she timely submitted her exemption request to Asante. She even alleges that Asante accepted her religious exemption, as she requested. Therefore, she has met her burden on this issue.

## CONCLUSION

For the reasons explained above, Defendant Asante's Motion to Dismiss, ECF No. 5, is DENIED.

**It is so ORDERED and DATED this**   20th   **day of June, 2024.**

    /s/Ann Aiken
Ann Aiken
United States District Judge